## Case No. 9,025.

MANHATTAN LIFE INS. CO. v. HOELZLE.

[7 Reporter, 484.] [1]

Circuit Court, E. D. Missouri. 1879.

LIFE INSURANCE—DIVIDEND SCRIP IN PAYMENT OF PREMIUMS.

The dividend due a policy-holder, which is sufficient to pay a premium due, should be applied to the payment of such premium upon the request of the policy-holder, where the practice of the company has been to apply dividend scrip either to secure a bonus policy or to reduce the amount of premiums payable at any given time, upon the request of the policy-holder.

Action on a life policy of insurance. The premiums were payable one half by note, the other half in instalments in July and October. The premiums were so paid until

---

[1] [Reprinted by permission.]

July, 1873, when the insured requested that the dividend which had been allotted should be applied to the portion of the premium then due, which was refused. No other premiums were paid, and in November following the insured died. There was judgment for plaintiff for the full amount of the policy. The case was brought to the United States supreme court, which affirmed the judgment by a divided vote (October term, 1877), no opinion being written. The material parts of the charge on the trial below are here given:

TREAT, District Judge. Under the charter of the defendant, its board of directors had the power to regulate the amount of premium, and the mode and manner of payment of the same. By other provisions of its charter, dividend scrip was issuable to policyholders, after certain requirements had been complied with, annually, for the profits of each year. It appears from the testimony that annual issues of scrip were made after 1866, and, therefore, by the terms of the charter the dividend scrip for 1872 was issuable on the 1st day of January, 1873, or within 30 days thereafter. If the practice of the company was to apply such dividend scrip, at the election of the policy-holder, to a bonus policy, or toward the payment of premiums and interest on premium notes outstanding; and if on the policy in question the premiums were paid by him during the latter part of its existence, quarterly, or for a less period than a year, and application was made at the agency here in St. Louis, in July, 1873, the same having been the custom with respect to this policy, to make a quarter-yearly payment by applying thereto the dividend scrip to which the policy-holder was entitled as early as the previous February, and the amount of said dividend scrip was sought to be applied to the payment of the required premium, and the agent of the defendant refused to receive the premium by such application of dividend scrip, then the defendant cannot set up as a defense the non-payment of the July premium. But whether such are the facts the jury must determine for themselves from the evidence. The jury will also consider whether dividend scrip issued could be applied by the policy-holder at his election, either to secure a bonus policy or to reduce the amount of premiums payable at any given time. Hence if the custom of the company was to apply the dividend scrip, if the policy-holder so requested, to the payment of the next premium, and in this case such application was made and refused, then the failure to pay the premium in dispute is no defence to the right of recovery.